

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00171-CR

ROMEAIL LEEFONZO JETER,[1] APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 51,618-B, Honorable W. Bernard Fudge, Presiding

July 18, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Romeail Leefonzo Jeter, appeals his conviction and subsequent sentence to five years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for the offense of aggravated assault,[2] enhanced by appellant's plea of true to an enhancement allegation that he had previously been

---

[1] Appellant's name appears on the trial court's Judgment as Romeal Leefonzo Jeter. Correspondence received from appellant indicates the correct spelling to be Romeail Leefonzo Jeter.

[2] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

convicted of a felony offense. Appellant appeals contending that: 1) the trial court abused its discretion in admitting evidence of an extraneous offense, and 2) the evidence was insufficient to support the conviction in light of appellant's proof of self-defense. Disagreeing, we will affirm the conviction.

## Factual and Procedural Background

David West, the victim of the assault in question, was visiting a friend, Reshada Gresham, at her quadriplex apartment in Wichita Falls when he heard noises outside the apartment. Upon investigating, West observed a man, later identified as appellant, and a woman involved in an argument. West testified that it appeared appellant had his hands on the woman's neck or upper body. West then went over to intervene between the appellant and the woman. He stepped between them in an effort to separate them. West testified that he might have pushed the woman back in an attempt to come between appellant and the woman. When West got between appellant and the woman, appellant took a swing at him. West ducked and thought that appellant's swing missed him. Concluding that his efforts to separate the two parties were for naught, West returned to the apartment of his friend. Upon returning to the apartment, West either saw that he had been cut or was told he had been cut as a result of appellant's taking a swing at him. A 911 call was made by Gresham and EMS and the police were summoned.

During the subsequent investigation, Wichita Falls Police Department Crime Scene Technician Samantha Smith found a pocket folding blade knife on the coffee table in appellant's apartment. Smith also detected and photographed several drops of

blood at the scene of the assault. Wichita Falls police officer, Cherita Lewis, was called as the lead officer to the scene. Upon arriving, Lewis observed two males and a female standing on the porch of the apartments arguing. She was advised that appellant had cut West with a knife and that appellant still had the knife. Upon making contact with appellant, Lewis observed a dark object in his hand and ordered him to drop the object.[3] Appellant refused and started walking toward the officer. After ordering appellant to stop and drop the object in his hand a second time, Lewis withdrew her taser from her service belt and fired it at appellant. Appellant fell to the ground and was handcuffed. Appellant was arrested for aggravated assault.

EMS personnel tended to West and transported him to the emergency room. West had suffered a cut of approximately two inches to the left side of his neck. A picture of the wound was introduced before the jury.

During the trial, West testified about the events of the assault and the injury he suffered. Although West professed no desire to prosecute appellant, he testified that, as a result of the cut on his neck, he had a permanent scar of approximately two inches. Also testifying at trial was Gresham who recanted her statement to the police that she saw appellant cut West. She said she heard the altercation but did not see the actual assault.

After the State rested presentation of its case-in-chief, appellant called John Turner to testify. Turner testified that he lived across the street and that he saw the altercation. According to Turner, West was the instigator in the altercation by either

_____
[3] The object in appellant's hand turned out to be a cell phone.

3

pushing appellant or throwing a punch at appellant.  Further, Turner testified that, from his vantage point, West was the aggressor.  Following Turner's testimony, appellant rested his presentation of evidence.

The State advised the trial court that it intended to call a rebuttal witness, Esbardo Fuentes, to testify about a previous assault committed by appellant.  Outside the presence of the jury, Fuentes testified that, on April 5, 2011, he was assaulted by appellant while he was seated in a pick-up truck.  According to Fuentes, appellant struck him on the head two or three times with a stick.  At the time of the assault, Fuentes stated he had said nothing to appellant nor threatened appellant in any manner.  Further, Fuentes testified that the assault may have been because of a disagreement he had with appellant regarding pay for a roofing job they worked on together two to three months previously.  However, he stated that appellant had been paid for the job before the assault.  According to the State, this evidence was offered to show that appellant had previously been the aggressor in an assault and to counter Turner's testimony that West was the aggressor.

Appellant initially lodged a Texas Rule of Evidence 404(b) objection to the extraneous offense evidence.  See TEX. R. EVID. 404(b).[4]  After discussing what limiting instruction the trial court might give if the evidence was admitted, appellant withdrew his Rule 404(b) objection, but asserted a Rule 403 objection, contending that the probative value of the extraneous offense evidence was substantially outweighed by the danger of

---

[4] Further reference to the Texas Rules of Evidence will be by reference to "Rule ____."

4

unfair prejudice.  See Rule 403.  The trial court overruled appellant's Rule 403 objection and gave appellant a running objection to the testimony of Fuentes.

The State then presented the testimony of Fuentes before the jury.  Both parties then closed the evidentiary portion of the case and the court's charge was presented to the jury.  The court's charge contained an instruction on the law of self-defense and an application paragraph on the law of self-defense.  The jury returned a guilty verdict to the offense of aggravated assault.  After the punishment evidence was heard, the same jury found that appellant should be incarcerated for five years in the ID-TDCJ.  This appeal followed.

Appellant contends that the trial court committed reversible error in allowing the testimony of Fuentes to be presented to the jury.  Additionally, appellant contends that the evidence was insufficient to sustain the verdict in light of the testimony regarding self-defense.  We disagree for reasons hereafter stated and will affirm.

Extraneous Offense Evidence

Appellant's complaint regarding the admission of the extraneous assault evidence is based upon his Rule 403 objection.  Rule 403 provides that evidence which is otherwise relevant may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.  See Rule 403.  As stated in the rule, the evidence we will be analyzing has been determined to be relevant and, therefore, admissible.  We analyze only to determine if such evidence should have otherwise been excluded.

5

<u>Standard of Review and Applicable Law</u>

When addressing issues relating to the trial court's admission of evidence, the abuse of discretion standard applies. <u>See</u> <u>Billodeau v. State</u>, 277 S.W.3d 34, 39 (Tex.Crim.App. 2009). A reviewing court applying the abuse of discretion standard should not reverse a trial judge's decision that was within the zone of reasonable disagreement. <u>Green v. State</u>, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996). Additionally, an appellate court will review the trial court's ruling in light of what was before the trial court at the time the ruling was made. <u>Weatherred v. State</u>, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). In the absence of findings of fact and conclusions of law, the trial judge's decision will be sustained if it is correct on any theory of law applicable to the case. <u>See</u> <u>State v. Ross</u>, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

The following factors are taken into consideration when undertaking a Rule 403 analysis: (1) the inherent probative force of the proffered evidence; (2) the proponent's need for that evidence; (3) any tendency of the evidence to suggest decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. <u>Gigliobianco v. State</u>, 210 S.W.3d 637, 641–42 (Tex.Crim.App. 2006). Rule 403 favors admission of relevant evidence, and we presume that relevant evidence will be more probative than prejudicial. <u>Shuffield v. State</u>, 189 S.W.3d 782, 787 (Tex.Crim.App. 2006). In keeping with this presumption of admissibility of relevant evidence, trial courts should favor admission in close cases.

Casey v. State, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007) (citing Montgomery v. State, 810 S.W.2d 372, 389 (Tex.Crim.App. 1991 ) (op. on reh'g)).

Analysis

As noted earlier in this opinion, appellant withdrew his Rule 404(b) objection to Fuentes's testimony. In so doing, the issue of character conformity has been waived and our consideration of the testimony begins with the conclusion that the objected to evidence was relevant. This is important because appellant's argument impliedly argues the testimony of Fuentes was admitted only to show character conformity. Admission of testimony to show character conformity runs afoul of Rule 404(b). See Rule 404(b); Rankin v. State, 974 S.W.2d 707, 709 (Tex.Crim.App. 1996). However, as noted, appellant specifically withdrew his Rule 404(b) objection; therefore, to the extent appellant is now trying to argue such an objection, the objection has been waived. See TEX. R. APP. P. 33.1(a)(1).

Appellant did object on Rule 403 grounds, which means we must ascertain whether the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice. See Gigliobianco, 210 S.W.3d at 641–42. Our review of the testimony at trial reveals that, after the State had closed its case-in-chief, appellant presented evidence through Turner that West, the victim, was the aggressor in the assault. At the hearing conducted outside the presence of the jury, the State proffered the testimony of Fuentes to show that, on another occasion, appellant had been the aggressor in an assault. With this view of the record, we turn to the balancing test

required in conducting a Rule 403 analysis. See De La Paz v. State, 279 S.W.3d 336, 348-49 (Tex.Crim.App. 2009).

The fact of consequence in dispute before the jury was who was the aggressor in the assault at issue. The State presented evidence that appellant was the aggressor through the testimony of West. Appellant countered with the evidence from Turner that West seemed to be the aggressor. Remembering that West was, at best, a very reluctant complainant, the State needed the testimony of Fuentes to establish that appellant was, in fact, the aggressor. This was the controlling fact of consequence in the record before the Court. Therefore, Fuentes's testimony was very probative on the central issue, and the need for such testimony by the State was significant. See Gigliobianco, 210 S.W.3d at 641–42. This weighs in favor of the admission of the testimony of Fuentes. We next consider whether the evidence at issue would suggest that the jury made a decision on an improper basis. See id. Our review of the record reveals that the testimony of Fuentes was very direct and straight forward. At the time of that assault, Fuentes was drinking beer while seated in a pick-up truck with his uncle. He saw appellant approaching, however, since he had not recently had any run-ins or arguments with appellant, Fuentes did not think anything about appellant approaching the vehicle. The smashing of the pick-up window and first blow with a stick was the first indication Fuentes had that appellant was going to attack him. Since the operative issue was whether appellant was the aggressor in the case on trial, the testimony of Fuentes went to prove that central issue. As such, it cannot be said that the evidence appealed to the jury in some sort of irrational and indelible way. See De La Paz, 279 S.W.3d at 349. Finally, the presentation of this testimony took up only a portion of the

8

afternoon of the trial. According to the record, the entire presentation of the evidence only took one day. It is doubtful that there was any danger of the jury becoming confused or distracted. See id.

The trial court did not abuse its discretion when it decided to admit the extraneous offense testimony of Fuentes. See Billodeau, 277 S.W.3d at 39. Accordingly, we overrule appellant's first issue.

Sufficiency of the Evidence

Appellant's second issue is couched in terms of sufficiency of the evidence. Appellant's true complaint is that the evidence did not disprove his contention that he was legally justified in acting in the manner he did because of the law of self-defense.

Standard of Review and Applicable Law

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate

question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

Self-defense is defined in section 9.31 of the Texas Penal Code and provides, in pertinent part:

> (a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force.

TEX. PENAL CODE ANN. § 9.31 (West 2011). The law of self-defense is further expanded in section 9.32 of the Texas Penal Code which provides, in pertinent part:

> (a) A person is justified in using deadly force against another:
>
> (1) If the actor would be justified in using force against the other under Section 9.31; and
>
> (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:
>
> (A) to protect the actor against the other's use or attempted use of unlawful deadly force; . . . .

TEX. PENAL CODE ANN. § 9.32 (West 2011).

Appellant argues that the evidence revealed that the complainant, West, was 20 years his junior and that West had raced out yelling at him and inserted himself into an existing argument between appellant and an unidentified female. Under these

circumstances, appellant posits that it was reasonable for appellant to use a deadly weapon. The jury heard this evidence and decided, at least impliedly so, that it was not reasonable for appellant to reach for his deadly weapon. What appellant is asking this Court to do is reweigh the evidence that the jury heard and to come up with a different conclusion. This simply is not the task of the reviewing court. See Brooks, 323 S.W.3d at 899. Rather, we are instructed to defer to the jury's credibility and weight determination. Id. Further, we are instructed to view all of this evidence in the light most favorable to the verdict. Id. at 912. After following our mandate, we can reach no conclusion except to overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

11